UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Deon Demetrius Jenkins**, # 286150, *aka Deon D. Jenkins*, ) | C/A No. 0:07-1314-HFF-BM |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| **South Carolina Department of Corrections**; ) | |
| **Jon Ozmint**, Director of SCDC; ) | |
| **Robert Ward**, Regional Director of SCDC; ) | |
| **Willie Eagleton**, Warden of Evans Correctional Institution (ECI); and ) | |
| **Sergeant D. Stonebreaker**, ECI Drug Testing Officer, in their official capacity, ) | |
| Defendants. ) | |

This matter was filed by the Plaintiff, pro se, on May 7, 2007, wherein he alleged a violation of his constitutional rights under 42 U.S.C. § 1983. Defendants filed an answer on July 17, 2007.

On August 21, 2007, Plaintiff filed a "motion for voluntary dismissal" pursuant to Rule 41, Fed.R.Civ.P. Pursuant to Rule 41(a)(2), Fed.R.Civ.P., unless a stipulation of dismissal signed by all the parties is submitted, an action shall not be dismissed in a case in which a responsive pleading has been filed except upon order of the Court and upon such terms and conditions as the Court deems proper. Here, Plaintiff has advised the Court that he wishes to voluntarily dismiss this case, and the Defendants have filed a response stating they have no objection. As the Plaintiff is proceeding pro se, and pro se litigants are traditionally treated with



some degree of leniency by the Federal Courts, see Cruz v. Beto, 405 U.S. 319 (1972) and related cases, and as Defendants have no objection to the dismissal of this case, it is recommended that this case be dismissed with prejudice pursuant to Rule 41(a)(2), Fed.R.Civ.P.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 23, 2007



2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

